# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2011

No. 10-11127
consolidated with 10-11134 and 10-11139
Summary Calendar

Lyle W. Cayce
Clerk

VAL-COM ACQUISITIONS TRUST,

Plaintiff - Appellant

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION,

Defendant - Appellee

---

VAL-COM ACQUISITIONS TRUST; ANDREW L. LUCAS; VICKI M. LUCAS,

Plaintiffs - Appellants

v.

WACHOVIA BANK, NATIONAL ASSOCIATION,

Defendant - Appellee

---

VAL-COM ACQUISITIONS TRUST,

Plaintiff - Appellant

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION,

Defendant - Appellee

---

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 4:10-CV-447-A, 4:10-CV-449-A 4:10-CV-582-A

No. 10-11127

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This case involves three district court cases consolidated on appeal. Relevant to Case No. 10-11127, Robert LaPenna purchased a home in 2005, financing the purchase through a note and deed of trust payable to BSM Financial, L.P. d/b/a Banksource Mortgage. After the mortgage went into default, LaPenna transferred title to the home to Val-Com Acquisitions ("Val-Com"). In 2010, both sued Defendant Wells Fargo Bank, National Association (" Wells Fargo") alleging violations of the Truth-In-Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") as well as state-law claims for fraud, negligent misrepresentation, and declaratory judgment. After Wells Fargo removed to a federal district court, they filed an amended complaint.

Relevant to Case No. 10-11134, the Lucases purchased a home in 2006, financing the purchase through a note and deed of trust in favor of Wachovia Bank, National Association ("Wachovia"). After the mortgage went into default, the Lucases transferred title to the home to Val-Com. All three sued Wachovia in 2010 for the same types of violations that LaPenna and Val-Com asserted against Wells Fargo.

Relevant to Case No. 10-11139, Candice Canales purchased a home, financing the purchase through a note and deed of trust in favor of Superior Lending Corporation. After the mortgage went into default, Canales transferred title to the home to Val-Com. Both sued Wells Fargo in 2010 for the same types of violations asserted in the other two cases.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 10-11127

The respective defendants moved to dismiss and then, at the district court's direction, for summary judgment.  LaPenna and Canales were removed from their respective cases for reasons unrelated to the matters at issue here, leaving only Val-Com as the plaintiff in two of the cases and Val-Com and the Lucases as plaintiffs in the remaining case. The remaining plaintiffs responded to the summary judgment motions.  The district court granted summary judgment on all remaining claims.

The only matter briefed before this court is the propriety of the summary judgment as to Val-Com's claims for declaratory relief regarding Wells Fargo's status relative to the properties in question and Val-Com and the Lucases' similar claims as to Wachovia, as well as whether the respective banks should have to give certain documents to Val-Com (and the Lucases) under the TILA and RESPA.  Thus, we conclude that any appeal of the other matters dismissed has been waived. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 417 (5th Cir. 2009) ("[W]e deem this issue waived due to inadequate briefing.").

The district court found that the underlying TILA and RESPA claims were barred by limitations.  Appellants offer no arguments or briefing to suggest that a declaratory judgment can be used to avoid and evade the statute of limitations on the substantive claim.  Accordingly, we consider this issue waived. *See id; see also In re Texas Mortgage Services Corp.*, 761 F.2d 1068, 1073 (5th Cir. 1985).

With respect to the remaining declarations sought, a federal declaratory judgment action requires an actual case or controversy, not a mere hypothetical issue.  *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 242 (1952).  "Our decisions have required that the dispute be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' . . . ." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal citations omitted).  Here, Wells Fargo and Wachovia offered proof of their relationship to the properties and transactions in question.  In response,

No. 10-11127

Val-Com (and, in the one case, the Lucases) simply attached unauthenticated unclear documents that do not refute Wells Fargo and Wachovia's status. They offered no competent summary judgment proof that Wells Fargo and Wachovia are not who they say they are nor do they offer any argument in this court to support such a conclusion. Accordingly, the district court did not err in granting summary judgment.

AFFIRMED.